**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

Sabrina Anderson,
    *Plaintiff,*


v.                                                                              Docket #:


Offshore Angel, LLC;
Brandon Angel;
MC Charter Services, LLC, dba Marine Concepts Yacht Sales, LLC;
Linda Spangler; and
David Widi, Sr.,
    *Defendants.*


## COMPLAINT WITH JURY TRIAL DEMAND


## INTRODUCTION

1. This civil action seeks damages for injuries sustained by Plaintiff Sabrina Anderson arising from Defendants' negligence, constructive fraud (negligent misrepresentation and omission), breach of duty to disclose, breach of implied warranty of workmanlike performance, violations of General Maritime Law of the United States, including maritime negligence, unseaworthiness, maintenance and cure obligations, Jones Act negligence, and negligent infliction of emotional distress, all relating to the negligent sale, inadequate inspection, improper repair, and unsafe operation of the vessel named NAUTI DREAM.

1

## JURISDICTION AND VENUE

2. This matter arises under the General Maritime Law of the United States, and this Court has jurisdiction over it according to Article III, Section 2 of the United States Constitution.

3. Jurisdiction is proper under 28 U.S.C. § 1333 (Admiralty and Maritime Jurisdiction), as this matter involves maritime commerce, vessel safety, and maritime torts.

4. This Court also has diversity jurisdiction under 28 U.S.C. § 1332, as Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000- exclusive of interest and costs.

5. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

6. Supplemental jurisdiction exists under 28 U.S.C. § 1367 for any state law claims arising from the same operative facts.

## PARTIES

7. Plaintiff Sabrina Anderson resides in New Jersey and was a passenger.

8. Defendant Linda Spangler currently resides in Florida and previously lived in or near Norfolk, Virginia, where she kept the vessel NAUTI DREAM.

9. Defendant MC Charter Services, LLC, dba Marine Concepts Yacht Sales, LLC, is a boat brokerage company operating out of Virginia Beach and Norfolk, Virginia.

10. Defendant Offshore Angel, LLC is a mobile marine repair company based in Norfolk, Virginia, specializing in marine mechanical repairs.

2

11. Defendant Brandon Angel, a Virginia resident, was employed by Marine Concepts and is the owner/operator of Offshore Angel, LLC.

12. Defendant David Widi, Sr., resides in New Jersey.

## STATEMENT OF FACTS

13. The vessel at issue was a 1997 Carver 500 yacht named NAUTI DREAM, approximately fifty feet in length, previously owned by Defendant Linda Spangler and was located in Norfolk, Virginia.

14. Before selling NAUTI DREAM, Linda Spangler brought the vessel to Cobbs Marina in September of 2022 because she wanted to "fix the swim platform by fiber glassing it to the transom" and it was inspected by an employee named David Duval.

15. Duval identified significant mechanical and structural defects in the vessel's hydraulic platform, noting the "portside attachment of the swim platform to the transom was loose", "that the fiberglass stress cracks", and that "the amount of flex indicated that there were problems with it." Duval explicitly recommended having a marine fiberglass subcontractor engaged to see what "repairs were needed in order to make a solid mounting point for the swim platform lift mechanism."

16. Defendant Linda Spangler declined recommended repairs as they would have cost thousands of dollars and instead engaged Defendant Brandon Angel and Offshore Angel, LLC, to repair it for a couple of hundred dollars.

17. Defendant Brandon Angel, without consultation or supervision of a naval architect or adequately assessing structural integrity, improperly bolted the hydraulic slides into place

and falsely declared the platform "pinned" and secure. This inadequate repair method masked the existing structural defects.

18. Defendant Brandon Angel intentionally concealed critical information regarding the true condition of the hydraulic platform, including the loose attachment, stress cracks, and structural integrity concerns from Defendant David Widi, Sr., to induce him to purchase the vessel.

19. In December 2022, Defendant David Widi, Sr., visited Marine Concepts, where Brandon Angel affirmatively misrepresented that the vessel was a "good boat" and "solid." These representations were relayed to the Plaintiff as to the seaworthiness of the vessel.

20. Defendant David Widi, Sr., relied on these misrepresentations and purchased NAUTI DREAM without commissioning an independent marine survey.

21. On March 15, 2023, Defendant David Widi, Sr., and his son David Widi, Jr., met Defendant Brandon Angel at 3440 Trant Avenue in Norfolk, VA 23502 to pick up some batteries that had been ordered for the vessel. Defendant Brandon Angel represented in Plaintiff's presence that he'd taken the vessel out for a sea trial on his own and then taken it out again to test it after replacing a shaft seal; that he'd gone through it with a fine-tooth comb; that there were no problems with the boat and never had been; that after the batteries were replaced it would be like a brand-new boat; and that there'd be no problems getting it back to New Jersey. These representations were relayed to the Plaintiff.

22. Plaintiff Sabrina Anderson was not a party to any contract regarding the purchase of NAUTI DREAM, nor bound by any contractual disclaimers. Plaintiff relied independently upon defendants' representations made directly to him about the seaworthiness and condition of NAUTI DREAM.

23. Plaintiff agreed to assist Defendant David Widi, Sr., in bringing the vessel back to New Jersey based on Defendant Brandon Angel's representations. If Plaintiff had known of the problems identified by Duval or that the boat had not been inspected or surveyed then she would not have boarded the vessel.

24. On April 1, 2023, shortly after departure from Virginia to New Jersey, NAUTI DREAM suffered catastrophic transom failure directly resulting from the undisclosed issues with the vessel. This failure caused rapid flooding and sinking of the vessel, endangering Plaintiff and other passengers in dangerously cold waters.

25. Plaintiff Sabrina Anderson sustained lacerations to her head, feet, and hands; a severe concussion; chronic and debilitating health conditions, and significant emotional distress as a direct consequence of the vessel's sinking.

## CAUSES OF ACTION

**Count I – Negligence (Linda Spangler, Marine Concepts, Offshore Angel, Brandon Angel, and David Widi, Sr.)**

26. Plaintiff repeats, realleges, and incorporates the preceding paragraphs as if stated herein in full.

27. All defendants owed Plaintiff a duty of reasonable care in ensuring the seaworthiness and safety of NAUTI DREAM.

28. Defendants Linda Spangler, Marine Concepts, Offshore Angel, and Brandon Angel breached this duty by negligently failing to adequately investigate, identify, and disclose vessel defects and structural concerns they reasonably should have discovered, including the loose attachment, stress cracks, and excessive flexing of the swim platform

5

29. Defendants Linda Spangler, Offshore Angel, and Brandon Angel breached this duty through inadequate and negligent repairs.

30. Defendant David Widi, Sr., was negligent in failing to have an independent professional survey of the vessel conducted.

31. These breaches directly caused Plaintiff's severe physical injuries, chronic health conditions, emotional trauma, and other damages.

**Count II – Constructive Fraud (Negligent Misrepresentation and/or Omission)(Linda Spangler, Marine Concepts, Offshore Angel, Brandon Angel)**

32. Plaintiff repeats, realleges, and incorporates the preceding paragraphs as if stated herein in full.

33. Defendants Linda Spangler, Marine Concepts, Offshore Angel, and Brandon Angel -- upon discovering the loose attachment, stress cracks, and excessive flexing in the vessel's platform -- had a duty under reasonable maritime care to investigate further for structural issues, including possible water intrusion and underlying rot.

34. Their negligent failure to investigate and subsequent omission of this critical information constitutes constructive fraud or negligent misrepresentation by omission.

35. Defendants Marine Concepts, Offshore Angel, and Brandon Angel negligently made material misrepresentations regarding NAUTI DREAM's structural condition and seaworthiness without performing reasonable inspections or investigations into obvious signs of potential underlying structural defects.

6

36. Plaintiff reasonably relied upon these representations and/or was deprived critical information by the omissions that directly resulted in severe injuries, medical expenses, and emotional distress.

**Count III – Breach of Duty to Disclose (Linda Spangler, Marine Concepts, Offshore Angel, Brandon Angel)**

37. Plaintiff repeats, realleges, and incorporates the preceding paragraphs as if stated herein in full.

38. Defendants Linda Spangler, Marine Concepts, Offshore Angel, and Brandon Angel had an affirmative duty to disclose known issues with the vessel affecting its safety and seaworthiness.

39. Defendants negligently failed to disclose material vessel defects, structural concerns, and safety risks they reasonably should have discovered through inspection, investigation, or professional diligence thereby directly causing Plaintiff's injuries and damages.

**Count IV – Breach of Implied Warranty of Workmanlike Performance (Offshore Angel, LLC, Brandon Angel)**

40. Plaintiff repeats, realleges, and incorporates the preceding paragraphs as if stated herein in full.

41. Defendants breached the implied warranty by performing inadequate, improper, and negligent repairs.

42. This breach proximately caused Plaintiff's injuries and damages.

**Count V – General Maritime Law Violation (All Defendants)**

43. Plaintiff repeats, realleges, and incorporates the preceding paragraphs as if stated herein in full.

44. All defendants breached their obligations under General Maritime Law of the United States to ensure seaworthiness and safe vessel conditions for the intended voyage.

45. This breach directly resulted in Plaintiff's severe physical injuries, chronic health conditions, emotional trauma, and substantial financial losses.

**Count VI – General Maritime Negligence (David Widi, Sr.)**

46. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

47. Defendant owed Plaintiff a duty of reasonable maritime care, including the responsibility to operate and maintain the vessel safely and in a seaworthy condition.

48. Defendant breached this duty by negligently failing to ensure the vessel was safe and properly maintained, resulting directly in the vessel's sinking and Plaintiff's injuries and damages.

49. As a direct and proximate result of Defendant's negligence, Plaintiff suffered injuries and damages as described herein.

**Count VII – Negligent Infliction of Emotional Distress (David Widi, Sr.)**

50. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

51. Defendant owed Plaintiff a duty to exercise reasonable care in the maintenance and operation of the vessel to avoid causing emotional harm to Plaintiff.

52. Defendant breached this duty through negligent actions and omissions, directly resulting in the vessel's sinking.

53. Plaintiff was placed in immediate physical danger and suffered severe emotional distress as a result of the incident and Defendant's negligence.

54. As a direct and proximate result, Plaintiff experienced and continues to experience severe emotional distress, anxiety, trauma, and related psychological injuries, requiring care and treatment.

## **PRAYERS FOR RELIEF**

55. Plaintiff seeks a trial by jury on all issues so triable.

56. Plaintiff seeks compensatory damages exceeding $75,000.

57. Plaintiff seeks punitive damages for Defendants' willful, negligent, and fraudulent misconduct.

58. Plaintiff requests reimbursement of litigation costs and attorney fees.

59. Plaintiff respectfully requests any further relief deemed appropriate by the Court.

Dated: 3/29/2025

Sabrina Anderson
1491 Route 532
Chatsworth, NJ 08019
(609) 709-2222
Woodsgirl214@gmail.com

9